```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| **WILBERT A. GRAY** | : | **CIVIL ACTION** |
| | : | |
| v. | : | |
| | : | |
| **COUNTY OF DELAWARE, PA, et al.** | : | **NO. 13-4946** |

### MEMORANDUM

**GOLDBERG, J.**                          DECEMBER 26th, 2013

    Plaintiff, an inmate, filed this action pursuant to 42 U.S.C. § 1983, against the Minor Judiciary Administration of the Magistrates Office Regional Court 32-1-30, and the staff and former warden at the George W. Hill Correctional Facility. He is alleging that his constitutional rights were violated in connection with his prosecution in state court.

    For the following reasons, the Court will grant plaintiff leave to proceed in forma pauperis and dismiss his complaint pursuant to 28 U.S.C. § 1915(e).

    Plaintiff's claims in this complaint arise out of the same arrest and prosecution that was the basis of plaintiff's prior complaint in this Court (Civil Action No. 13-1701). In the instant case, plaintiff is suing, "The Minor Judiciary Administration of the Magistrates Office Regional Court #32-1-30" which is the Magisterial District in Folsom, Pennsylvania, a state entity entitled to Eleventh Amendment immunity. See Benn v. First Judicial Dist. Of Pa., 426 F.3d 233 (3d Cir. 2005). Therefore, the claims against this defendant must be dismissed.

    Plaintiff's claims against the former warden and members of the staff at the George W. Hill correctional Facility must also be dismissed. Although plaintiff appears to be alleging that he

was improperly detained for a period of seven (7) days until he had a new bail hearing, there are no allegations in the complaint that would suggest that probable cause was lacking for his initial detention. See <u>Stewart v. Abraham</u>, 275 F.3d 220, 228-29 & n.4 (3d Cir. 2001).

A district court should generally provide a pro se plaintiff with leave to amend unless amendment would be inequitable or futile. See <u>Grayson v. Mayview State Hosp.</u>, 293 F.3d 103, 114 (3d Cir. 2002). Here, plaintiff will not be given leave to amend because amendment would be futile, as he cannot cure the above deficiencies in his complaint.